USCA1 Opinion

 

 [NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT] United States Court of Appeals For the First CircuitNo. 98-1755 UNITED STATES, Plaintiff, Appellee, v. TWENTY ONE ITEMS, Valued at $24,663.12, et al., Defendants, Appellees, ____________________ ALFONSO CARDONA ARRENDONDO, Claimant, Appellant. APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Jaime Pieras, Jr., U.S. District Judge] Before Torruella, Chief Judge, Campbell, Senior Circuit Judge, and Lipez, Circuit Judge.  Alfonso Cardona Arrendondo on brief pro se. Guillermo Gil, United States Attorney, Miguel A. Fernandez,Chief, Civil Division, and Jacqueline D. Novas, Assistant UnitedStates Attorney, on brief for appellee.MARCH 4, 1999  Per Curiam. Claimant Cardona-Arredondo appeals from the denial of his motion to reconsider or amend the judgment to include an award of interest. Below, the government had argued that interest was not recoverable in this case under the governing caselaw; but in this court the government concedes that the relevant caselaw does not bar an award of interest. Instead, the government argues here that the denial of interest should be affirmed because, (1) claimant's motion to reconsider or amend the judgment was untimely, or (2) claimant is estopped from demanding interest by the doctrine of "accord and satisfaction." Having carefully reviewed the briefs in light of the entire record on appeal, we reject the government's arguments.  First, the doctrine of "accord and satisfaction" is inapposite to the facts of this case. Second, the motion for reconsideration or to amend the judgment was timely filed. The ten-day time for the filing of the motion ran from entry of the court's judgment on February 25, 1998. It did not run from  the June 10, 1997 entry of the order dismissing the government's claim on limitations grounds, as the government contends. The June 10, 1997, judgment was not "final" because it did not resolve all issues still pending between the parties.  Since the government has conceded the only legal issue raised in this appeal, and argues no supportable alternative basis for an affirmance, the order denying an award -2- of interest is vacated, and the case is remanded to the district court for a determination of the amount of interest owed to the claimant. Vacated and remanded for further proceedings consistent with this decision.